Clara M. White
vs. No. 3738
Harry Williams, et al.

September 25, 1928.

CARPENTER, J. This is an action brought by Clara M. White of the City and County of Newport, as the widow of Douglas J. White, against Harry Williams and Arthur Manchester. Douglas J. White died on the third day of January, 1925, leaving no children. The action was brought to recover damages sustained by the said Clara M. White because of the death of her husband while in the employ of the defendants.

The case was tried before a jury in March, 1928, and resulted in a verdict for the plaintiff in the sum of $2,500.00. Thereupon the defendants filed a motion for a new trial, which was heard in June, 1928. The motion for a new trial alleged the following grounds:

1. Because the verdict was against the evidence.

2. Because the verdict was against the law.

3. Because the verdict was against the law and the evidence.

It appeared from the evidence that Douglas J. White was employed by the defendants in their boat shop in Newport, and while so employed received serious burns from which he later died. The plaintiff produced evidence tending to prove that the defendants employed five or more workmen regularly in the business, and that they had not elected to become subject to the provisions of the Workmen's Compensation Act. There seemed to be no dispute that the defendants had not elected to become subject to the provisions of the Workmen's Compensation Act, but the evidence that there were five or more workmen regularly employed was disputed. Upon this phase of the case, the Court feels that the plaintiff did not prove by a fair preponderance of the testimony that five or more workmen were regularly employed. Therefore, if five workmen were not regularly employed, the defendants were not subject to the provisions of the' Workmen's Compensation Act, so that it became encumbent upon the plaintiff to prove that the deceased met his death through the negligence of the defendants. Upon this, the Court feels that there was no evidence tending to show that Douglas J. White did meet his death through the negligence of the defendants, and therefore, feels that the motion for a new trial should be granted, as substantial justice has not been done in this case.

For plaintiff: Moore & Curry.
For defendant: Burdick & MacLeod.